# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50288/50289/50290

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 15, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MATTHEW AARON BRADSHAW, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgments of conviction and sentences in the aggregate of life with twenty years determinate, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Matthew Aaron Bradshaw pled guilty to battery upon an officer, Idaho Code § 18-915(3)(a)(b); unlawful possession of a firearm, I.C. § 18-3316; and felony injury to child, I.C. § 18-1501(1) in Docket No. 50288. In exchange for his guilty plea, additional charges were dismissed. The district court imposed a sentence of five years determinate for battery upon an officer; a determinate term of five years for unlawful possession of a firearm; and a unified term of ten years with five years determinate for felony injury to child. The district court directed the sentences to run concurrently with each other, but consecutive to the sentences in Docket Nos. 50289 and 50290.

1

In Docket No. 50289, Bradshaw pled guilty to injury to jail, I.C. § 18-7018. The district court imposed a unified sentence of five years with two years determinate. The district court directed the sentence to run consecutively to the sentences in Docket Nos. 50288 and 50290.

In Docket No. 50290, Bradshaw pled guilty to three counts of possession of a controlled substance with intent to deliver, I.C. § 37-2732(a)(1). The district court imposed sentences of indeterminate life with thirteen years fixed for possession with intent to deliver cocaine; five years determinate for possession with intent to deliver MDMA; and five years determinate for possession with intent to deliver Ketamine. The district court directed the sentences to run concurrently with each other, but consecutively to the sentences in Docket Nos. 50288 and 50289.

Bradshaw appeals, contending that his aggregate life sentence with twenty years determinate is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion. Therefore, Bradshaw's judgments of conviction and sentences are affirmed.